Case 12-33012   Document 39   Filed in TXSB on 05/01/13   Page 1 of 14



IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

ENTERED
05/01/2013

| | | |
|---|---|---|
| IN RE: | § | Case No. 12-33012 |
| CNC PAYROLL, INC., | § | Chapter 7 |
| Debtor(s). | § | Judge Isgur |

## MEMORANDUM OPINION

The Court must determine whether W. Steve Smith must be removed as the chapter 7 trustee in this case. Because the Court has determined that there is not clear and convincing evidence[1] that Smith breached his fiduciary duty to the Estate, the Court will not order his removal.

When Smith determined that the Estate should retain counsel, he sought to retain a law firm in which he is a partner. After the Court questioned whether his own law firm should be retained, Smith wrote a letter soliciting other firms to serve as Estate counsel. Because the letter appeared to have been designed to favor Smith's firm, the Court issued an order requiring Smith to show cause why he should not be removed as Trustee. This opinion examines whether Smith's conduct mandates his removal.

### The Role of a Chapter 7 Trustee

Section 323(a) of the Bankruptcy Code makes the trustee the representative of the bankruptcy estate. *In re Bechuck*, 472 B.R. 371, 375 (Bankr. S.D. Tex. 2012). Indeed, a trustee is vested with extraordinary rights as the general representative of an estate's creditors. *Ingalls v. Erlewine (In re Erlewine)*, 349 F.3d 205, 2010 (5th Cir. 2003) (citing, *Coleman v. Alcock*, 272 F.2d 618, 621-22 (5th Cir. 1960). In that capacity, the Chapter 7 Trustee serves as a fiduciary to the Estate. *Love v. Tyson Foods, Inc.,* 677 F.3d 258 (5th Cir. 2012).

---

[1] For purposes of completeness in the event of an appeal, Smith would be removed if the correct evidentiary standard is by a "preponderance of the evidence".

1 / 14

The duties of a trustee are of great import to preserving the integrity and efficiency of the bankruptcy system. As such, accusations or appearances of impropriety by a trustee should not be taken lightly. Courts should investigate serious accusations against trustees in order to uphold public confidence in the integrity of the bankruptcy system.

Based on this precept, the Court issued its Order to Show Cause Why Trustee Should Not Be Removed Pursuant To 11 U.S.C. § 324. ECF No. 22. The Court finds insufficient cause to remove W. Steve Smith as trustee.

## Background

CNC Payroll, Inc. filed its voluntary petition on April 25, 2012. ECF No. 1. On the same date, W. Steve Smith was appointed chapter 7 trustee. On November 20, 2012, Mr. Smith filed Trustee's Application to Employ General Counsel (ECF No. 12), seeking to employ a law firm in which Smith is a partner, McFall, Breitbeil & Smith, P.C. On December 14, 2012, the Court issued its Order Requiring Supplemental Pleading on Application to Retain Trustee's Law Firm, (ECF No. 13), requiring that no later than January 11, 2013, the Trustee demonstrate that retention of his law firm was superior to the retention of other law firms. The Court ordered that if the Trustee had not contacted other firms, he should explain why he chose not to make such contacts.

On January 10, 2013, the Trustee filed Trustee's Supplement to Application to Employ General Counsel. ECF No. 15. Attached to the Supplement was a letter, dated December 18, 2012, from the Trustee to twenty-nine law firms (the "Solicitation Letter"). ECF No. 15-2. On February 11, 2013, a hearing was held regarding the Supplement. It was the Solicitation Letter, and Smith's explanations offered at the February 11, 2013 hearing, that prompted the Order to Show Cause. Namely, the Court was concerned with the following:

    1.    The Trustee sent the letter by United States mail on December 18, 2012, and required a response from interested law firms by December 31, 2012. Allowing three days for mailing, the letter would have been received on Friday, December 21, 2013. Monday was Christmas Eve and Tuesday was Christmas Day. Accordingly, even assuming that the necessary people were working during the Holiday Season, Smith only gave approximately three business days to reply to the solicitation.

    2.    Paragraph 3 of the letter required a competing firm to provide certain information by December 31, an unrealistic time frame. Additionally, Smith did not impose a similar requirement on his own law firm. At the February 11, 2013 hearing, Smith said that he knew all the answers in his head, and so did not require the information from his own firm.

    3.    Although Smith's firm was the primary competitor to any letter recipient, the letter was drafted by an associate of Smith's own firm, whom he directly supervises.

    4.    The Court was concerned that the letter was intended to discourage competitive bids. The letter advises that it is being sent "to comply with a recent court order." Over one quarter of the letter cautions prospective firms that they might not get paid, but fails to mention that the Estate holds $219,523.00 in cash. The letter instructs that any questions should be directed to Smith's assistant, rather than Smith himself. The letter fails to make a single positive statement about the potential litigation.

    5.    At the February 11 hearing, the Court inquired why Smith did not personally call any lawyers regarding the case. Smith replied that he did not wish to be accused of cronyism. However this statement is inconsistent with Smith's other actions, since he also testified that his reason for not considering one of the two firms that did respond to the Solicitation Letter was because he did not personally know the lawyers that would be working on the case. Essentially, Smith would not directly contact people he knew and would not consider those he did not.

ECF No. 22 at 3-5.

The Court issued the Show Cause Order based on its concern that the Trustee's actions were calculated to preordain retention of his own law firm, in which he has a personal financial interest.

The Court issued an earlier opinion regarding the Trustee's retention of his own firm, *In re Interamericas, Ltd.*, 321 B.R. 830 (Bankr. S.D. Tex. 2005).[2] In *Interamericas* the Court wrote:

> In the present case, the Trustee's application reflects that the Trustee is seeking to retain his own firm for reasons that are unrelated to whether it is in the best interest of the Estate. Exhibit "A" to the Trustee's application indicates that the Trustee relies on his own firm to handle unprofitable cases. Thus, the Trustee reasons that in order to allow his firm to afford to prosecute the unprofitable cases, he must also hire his firm to handle profitable cases—such as the present case.
>
> The Trustee's logic reflects that it may be in the firm's best interest to be hired in this case. It may also reflect that it is in the best interest of unrelated, unprofitable estates for the Trustee's firm to be hired in this case. However, those factors are irrelevant to the determination that must be made under § 327(d). Indeed, those factors reflect that the Trustee is considering facts that are inconsistent with his well-established duties to the estate.

*In re Interamericas, Ltd.*, 321 B.R. 830, 835 (Bankr. S.D. Tex. 2005).

In the present case (as with *Interamericas*), the Court is concerned that Smith, in attempting to retain his own law firm, breached his fiduciary duty by failing to act in the best interest of the estate. *See In re VanCleef*, 479 B.R. 809, 819 (Bankr. N.D. Ind. 2012) (chapter 7 trustee owes fiduciary duty to creditors and debtor to administer case fully and fairly).

The Trustee filed his Response to Show Cause Order on March 21, 2013. ECF No. 31. In pertinent part, the Trustee asserts that while the Solicitation Letter was inartful, it was never intended to discourage active interest by other law firms, and did, in fact, prompt a number of attorney responses. ECF No. 31 at 10. The Trustee asserts that the distribution of the

---

[2] Since the March 25, 2013 show cause hearing, the Court has issued a subsequent Order to Show Cause Why Trustee Should Not Be Removed Pursuant to 11 U.S.C. § 324(a) in the *Interamericas* case. Case No. 02-39553, ECF No. 1067. That Show Cause Order was prompted by Smith's testimony at a hearing on April 25, 2013, where a creditor challenged certain expenses charged to the Estate by the Trustee's firm. The show cause hearing is set for May 10, 2013. This Order does not moot the necessity of that hearing.

Solicitation Letter, within two business days of the Court's December 14, 2012 Order to Supplement, demonstrates the seriousness with which the Trustee took the Order. ECF No. 31 at 12.  As evidence of his *bona fide* desire to encourage responses, the Trustee asserts that for outside firms showing an interest in the case he: (i) freely gave extensions; (ii) directed them to useful materials (such as the recording of the 341 meeting); and, (iii) either he or his staff discussed the case with interested parties.  ECF No. 31 at 12-13.

The Trustee asserts that his regrettable action does not constitute a breach of duty and has resulted in no harm to the Estate.  ECF No. 31 at 11.  The Trustee further asserts that if actual injury to the estate did result, because of the business judgment rule, it could not serve as a basis for his removal.  ECF No. 31 at 8, n 19.

The show cause hearing was held on March 25, 2013.  Patrick Hughes and Karl Burrer appeared on behalf of the Trustee.  Diane Livingstone appeared on behalf of the United States Trustee ("UST").

The Trustee submitted the following evidence in addition to that on Trustee's Exhibit List at ECF No. 32:

1. Declaration of Bruce J. Ruzinsky in Support of Trustee's Response to Show Cause Order.

2. Declaration of Heather Potts in Support of Trustee's Response to Show Cause Order.

3. Declaration and Proffer of W. Steve Smith in Support of Trustee's Response to Show Cause Order.

The additional evidence was admitted.

The Trustee testified at the hearing.  He indicated that the reason his associate drafted the Solicitation Letter was that she is a better writer, and is more familiar with *In re Jackson*, 2012 WL 3071218 (Bankr. S.D. Tex. July 27, 2012).  He also asserted that the letter was hastily

written because he was in Rule 2004 examinations all day Friday, December 14, 2012, and had a § 341 panel all day Monday, December 17, 2012.  He reviewed the letter on the evening of December 17, prior to sending it on December 18.

The Trustee asserts that certain aspects of the letter were included to comply with requests from the UST's office.  The UST asks that prospective firms be cautioned that lawyers will not be compensated for doing work that ought to be performed by the trustee.

The Trustee indicated that he chose the short December 31 deadline in order to have enough time to prepare his supplement by the January 11, 2013 deadline.  He indicated that in retrospect he should have requested an extension of time for submitting the supplement and should have asked the Court for guidance on how to comply with the Order to Supplement.

The Court asked the Trustee why his response to the December 14, 2012 Order was not simply to explain his choice to not solicit outside counsel.  He indicated that he interpreted the Order to Supplement to mean that he should now solicit other firms, and not merely explain why he had not done so to begin with.  He indicated that based on the *Interamericas* holding, he thought the proper course of action was to start over by soliciting other firms.

The Court asked both Trustee's counsel and Ms. Livingstone to point to one positive aspect of the case mentioned in the Solicitation Letter.  Neither party was able to do so.

Mr. Ruzinsky's Declaration provides the following information.  Mr. Ruzinsky is a partner in Jackson Walker, L.L.P. ("JW").  Ruzinsky Decl. at 1.  His practice focuses on all aspects of bankruptcy and creditors' rights related litigation.  Ruzinsky Decl. at 1.  In mid-December, 2012, Ruzinsky received the Solicitation Letter and instructed an associate to review the docket and publicly available pleadings, and contact the Trustee for additional information. Ruzinsky Decl. at 2.  Although the December 31, 2012 deadline was not realistic for JW, it did

not deter the firm from looking into the case and following up with the Trustee about potential representation by JW. Ruzinsky Decl. at 2. The Trustee and his staff were responsive to JW's inquiries and provided the requested information. Ruzinsky Decl. at 2. At all times the Trustee was forthcoming and encouraging of JW's representation of the Estate. Ruzinsky Decl. at 2. JW submitted a proposal to the Trustee on March 19, 2013. Based on this proposal the Trustee filed his Amended Application to Employ General Counsel on April 22, 2013. ECF No. 37.

## Jurisdiction

The District Court has jurisdiction over this proceeding under 28 U.S.C. § 1334(a). Pursuant to 28 U.S.C. § 157(a), this proceeding has been referred to the Bankruptcy Court by General Order 2012-6. This is a core matter under 28 U.S.C. § 157(b)(2)(A).

## Standard of Proof

The Bankruptcy Code is silent on the standard of proof required to remove a trustee. *In re Tres-Ark, Inc.*, 483 B.R. 460, 467 (Bankr. W.D. Tex. 2012). At least one court has held that due to the seriousness of removing a trustee, the standard should be clear and convincing evidence. *In re Walker*, 2004 WL 3152787, at *1 (S.D. Fla. Dec. 1, 2004).[3] However, when the Code is silent on the burden of proof, the Supreme Court states preponderance of the evidence is presumed unless particularly important individual interests or rights are at stake. *Grogan v. Garner*, 498 U.S. 279, 286 (1991). *Grogan's* evidentiary presumption is limited to "civil actions between private litigants." *Id.* In contrast, the issue here involves fundamental issues pertaining

---

[3] The trustee was removed in *In re Walker* after the court found by clear and convincing evidence that the trustee had committed fraud upon the court by falsely asserting she had no connection with any of the debtor's creditors and producing falsified documents to conceal her relationship with one of the debtor's creditors. The trustee in that case committed perjury by consistently lying under oath about her relationship with one of the debtor's creditors. 2004 WL 3152787, at *15.

to the administration of hundreds of bankruptcy cases. The Court must assure both the integrity of chapter 7 trustees, and their ability to operate independently.

Removal of a trustee is an extreme remedy. *See United States Trustee v. Repp (In re Sheehan)*, 185 B.R. 819, 822 (Bankr. D. Ariz. 1995); *see also Ritchie Special Credit Investments, Ltd., et al. v. U.S. Trustee, et al.*, 415 B.R. 391, 399 (D. Minn. 2009). The seriousness of removal is emphasized by the fact that some courts will only remove a trustee upon a showing of fraud or actual injury to the estate. *See In re Bennett*, 2007 WL 2480524, at *9 (Bankr. N.D.N.Y. Aug. 28, 2007) (citing *Freeport Italian Bakery, Inc.*, 340 F.2d 50, 54 (2d Cir. 1965)); *see also In re Lundborg*, 110 B.R. 106. 108 (Bankr. D. Conn. 1990).

The Code provides that whenever a trustee is removed from a case under § 324, the trustee will automatically be removed from all cases in which he is serving, unless the court specifically orders differently. If the Trustee engaged in a breach of his fiduciary duty, it is only appropriate that the default provision of § 324 (that is, removal from all cases) should be invoked. If the Trustee is removed for a lesser cause, the Court might invoke authority to remove the Trustee from a single case.

In this case, the concern is one of a breach of fiduciary duty. If the Trustee should be removed, then he should be removed from all cases under § 324(b). Smith is currently a trustee in 387 open cases and adversary proceedings. His removal would be disruptive as it would result in a change of the trustee in all 387 cases and adversary proceedings. Under these circumstances, there are particularly important interests at stake that mandate the use of a "clear and convincing" standard of proof.

The majority of the case law concerning the removal of a trustee involves negligence or intentional misconduct by the trustee. *Baker v. Seeber (In re Baker)*, 38 B.R. 705, 707 (D. Md.

1983). However in some instances a trustee is removed based solely on a consideration of what is in the best interest of the bankruptcy estate. *Id*. at 708. In *In re Mason*, the trustee was relieved of her duties because the court believed that the trustee would never have the assistance and cooperation of the debtor due to bitter feelings held by the debtor towards the trustee.[4] 12 B.R. 318, 318-19 (Bankr. D. Nev. 1981). In such instances, where the court finds a conflict, but there is no evidence that the trustee abused the conflict, and a trustee will only be removed from one case, the standard for removal might only be a preponderance of the evidence.

In contrast, when a trustee is removed from all cases in which he is serving, removal would indicate negligence or intentional misconduct by the trustee. A trustee's negligent or intentional misconduct jeopardizes an important public interest, the integrity of the bankruptcy system. As such, when removal from all cases is at stake, the standard of proof should be clear and convincing evidence. Because this proceeding contemplates negligence or intentional misconduct by the Trustee, the standard of review is clear and convincing evidence.

Clear and convincing evidence is "that weight of proof which produces in the mind of the trier of fact a firm belief on conviction as to the truth of the allegations sought to be established, evidence so clear, direct and weighty and convincing as to enable the fact finder to come to a clear conviction, without hesitancy, of the truth of the precise facts of the case." *Shafer v. Army & Air Force Exch. Serv.*, 376 F.3d 386, 396 (5th Cir. 2004).

## Analysis

### A.   Business Judgment Rule

Smith erroneously asks the Court to evaluate his conduct under a business judgment rule. The business judgment rule does not find its life in the text of the Bankruptcy Code. Instead, the

---

[4] The trustee's husband was the deputy district attorney who successfully prosecuted the debtor in a criminal proceeding. *In re Mason*, 12 B.R. at 318.

business judgment rule has been imported into the bankruptcy courts based on the application of non-bankruptcy law to the conduct of a fiduciary.

Non-bankruptcy law does not apply the business judgment rule when the fiduciary is financially interested in the decision. *See Roth v. Mims*, 298 B.R. 272, 283 (N.D. Tex. 2003) (Texas does not apply the business judgment rule in cases where a challenged corporate decision is tainted by a conflict of interest). On the contrary, non-bankruptcy law holds a self-dealing fiduciary to the highest standard. Indeed, the burden of proof is on the fiduciary to demonstrate the fundamental fairness of every self-dealing transaction. *Int'l Bankers Life Ins. Co v. Holloway*, 368 S.W.2d 567, 577 (Tex. 1963) (corporate fiduciaries who receive personal profits from a transaction bear the burden of proving fairness).

The Court recognizes that the Bankruptcy Code allows a trustee, with court approval, to retain his own firm. However, the Code's permission does not equate to a determination that the Trustee has no conflict; it merely permits the conflict to exist. If a conflict of interest arises, the business judgment rule does not apply. The Trustee must demonstrate that the retention of his own firm is in the estate's best interest. *In re Interamericas, Ltd.*, 321 B.R. 830 (Bankr. S.D. Tex. 2005); 11 U.S.C. § 327(d).

**B.    Removal for cause**

11 U.S.C. § 324 provides that:

> "(a) The court, after notice and a hearing, may remove a trustee, other than the United States trustee, or an examiner, for cause. (b) Whenever the court removes a trustee or examiner under subsection (a) in a case under this title, such trustee or examiner shall thereby be removed in all other cases under this title in which such trustee or examiner is then serving unless the court orders otherwise."

What constitutes cause for dismissal is not defined in the Code, but is to be determined on a case-by-case basis. *Dye v. Brown, et al. (In re AFI Holding, Inc.)*, 530 F.3d 832, 845 (9th

Cir. 2008); *see also Miller v. Miller (In re Miller)*, 302 B.R. 705, 709 (B.A.P. 10th Cir. 2003). "It is well established that cause may include trustee incompetence, violation of the trustee's fiduciary duties, misconduct or failure to perform the trustees duties, or lack of disinterestedness or holding an interest adverse to the estate." *In re AFI Holdings*, 530 F.3d at 845.

In *Morgan v. Goldman*, the chapter 13 trustee negotiated a deal with debtors to use insurance settlement proceeds to pay a secured creditor ahead of unsecured creditors while not reflecting such a deal in the debtors' plan. *In re Morgan*, 573 F.3d 615, 618-619 (8th Cir. 2009). The trustee later changed her testimony and denied she made such a deal. *Id.* at 621-22. The bankruptcy court issued a show cause order, requiring the trustee to show cause why she should not be removed. *Id.* at 622. The Eighth Circuit upheld the trustee's removal because the trustee gave false testimony regarding her agreement with the debtors. *Id.* at 627-28. The trustee was removed from all cases in which she was serving as trustee. *Id*. at 622.

In *In re AFI Holdings*, the chapter 11 trustee failed to disclose that she had previously represented one of debtor's former investors in a dispute between the investor and the debtor. *In re AFI Holdings*, 530 F.3d at 841. The trustee brought numerous preference actions but failed to bring a preference action against the former client. *Id.* at 842. The trustee did not disclose the extent of her relationship with the former client until after deposition testimony revealed the connection. *Id.* The removal of the trustee for lack of disinterestedness was upheld by the Ninth Circuit Bankruptcy Appellate Panel and the Ninth Circuit.[5] *Id.* at 852.

In *In re Vega*, the chapter 7 trustee solicited $50,000.00 from a lender, ostensibly to fund a lawsuit related to the bankruptcy. 102 B.R. 552, 554 (Bankr. N.D. Tex. 1989). Instead, the trustee invested the funds in certificates of deposit, which he used to secure a personal loan

---

[5] Neither the Ninth Circuit's Order or the BAP Opinion say whether the Trustee was removed from all cases in which she was serving as trustee.

obligation. *Id.* at 553. A portion of the funds were delivered to the trustee's law firm and consumed in the course of the firm's general operations. *Id.* The court found that the unauthorized acquisition and use of the funds was a breach of the trustee's fiduciary duty under § 324, and cause for dismissal from all cases in which he was serving as trustee. *Id.* at 554.

In *In re Stephens & Co.*, the court held that although it could not conclude that the trustee was dishonest, his neglect and indifference were grounds for removal, when considering the best interest of the estate and the need to properly interpret and enforce the bankruptcy laws.[6] 30 F.2d 725 (S.D. Cal. 1928). The Court found that the trustee employed negligent methods of accounting for expenses of administration, received irregular and unauthorized commissions, and purchased property of the bankruptcy estate. *Id.* at 725-26. The court held that such acts were detrimental to the estate and could not be approved.[7] *Id.* at 727.

### Cause in This Case

The Court reiterates its grave concern with the Solicitation Letter. The letter was written by an attorney at the Trustee's own firm, the firm competing with all of the recipients of the letter. The Solicitation Letter imposed unrealistic deadlines and requirements on its recipients—requirements that were not imposed on the Trustee's own firm. Additionally, the Solicitation Letter did not highlight any positive aspects of the prospective case. Regardless of the Trustee's reasoning for including all of the negative aspects of the case, there is no justification for failure to include any redeeming qualities of the case in a letter ostensibly meant to solicit interest.

---

[6] Although *In re Stephens* predates the Bankruptcy Code, the Court finds its holding persuasive and applicable to current bankruptcy law.

[7] The Bankruptcy Act did not contemplate the language of 11 U.S.C. § 324 which provides that when a trustee is removed from a case, he is subsequently removed from all cases in which he is serving. As such, *In re Stephens* does not deal with the issue of removal from all cases.

The Court is not persuaded by the argument that because the Solicitation Letter generated an inquiry or two, it was written in good faith. There is an absence of evidence as to why most firms did not respond to the letter at all. Although the letter happened to generate interest despite its "inartfulness," if it was written with the intent to dissuade other and possibly better suited firms from taking the case, it was a breach of the Trustee's fiduciary duty.

The Trustee testified that the letter was written in haste due to several other concurrent obligations. He testified that the letter was not written with the intent to discourage other firms from taking the case, but rather was written to encourage other firms to submit proposals. The Trustee's response provided that for outside firms showing an interest in the case he: (i) freely gave extensions; (ii) directed them to useful materials (such as the recording of the 341 meeting); and, (iii) either he or his staff discussed the case with interested parties. Mr. Ruzinsky's Declaration corroborates this testimony, indicating that the Trustee and his staff were extremely helpful and encouraging throughout his firm's inquiry into whether it would submit a bid for the case.

The Trustee also testified, and the UST agreed, that at least some of the negative language was a result of the Trustee's attempt to comply with requirements imposed by the UST.

Nevertheless, the letter speaks for itself. The Trustee is a talented and experienced lawyer and Trustee with decades of experience. The Court does not accept that the letter was merely clumsy. Instead, the Court believes that the letter was intended to dissuade other firms from competing with the Trustee's own firm. The Court believes that the Trustee was attempting to benefit his own firm, to the detriment of the Estate. However this does not constitute "evidence so clear, direct and weighty and convincing as to enable the fact finder to come to a clear conviction, without hesitancy, of the truth of the precise facts." The Court's hesitancy

arises primarily from the Ruzinsky declaration.[8] The affidavit demonstrates that once Ruzinsky expressed an interest, Smith treated Ruzinsky fairly in all respects. This raises a sufficient question about Smith's conduct to create hesitancy by the Court.

The Court does not find that the clear and convincing standard has been satisfied. Smith will not be removed.

## Conclusion

The Court will enter an order consistent with this Memorandum Opinion.

SIGNED **May 1, 2013.**

_____
Marvin Isgur
UNITED STATES BANKRUPTCY JUDGE

---

[8] The declaration was volunteered by Ruzinsky. It is completely credible. However, the Court is not persuaded that it is sufficient to exonerate Smith's conduct in writing the letter. Smith cooperated with Ruzinsky already knowing that Smith's conduct was being scrutinized. Smith's cooperation with Ruzinsky may have been sincere, or may have been motivated by Smith's understanding that he had no choice but to be cooperative given the scrutiny being applied.